UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN S. ZEYEN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-04451 |
| MIDLAND CREDIT MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, KEVIN S. ZEYEN ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. et seq.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person residing in the Northern District of Illinois and is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

5. At all times relevant, Defendant was a debt collection agency with its principal place of business at 350 Camino de la Reina, #100, San Diego, California 92108.

6. Defendant specialized in debt collection and collects debts on behalf of others nationwide.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTS SUPPORTING CAUSE OF ACTION

8. In or around December 2019, an unknown third party opened a fraudulent credit account with Saks Fifth Avenue through Capital One Bank, N.A. ("Capital One") ("alleged account") in Plaintiff's name without his consent or knowledge.

9. This alleged account eventually amassed a balance of approximately $4,600.

10. When Plaintiff became aware of the debt, he informed Capital One that the account was fraudulent.

11. Capital One completed an investigation and determined that the alleged account was opened fraudulently.

12. In fact, Capital One provided Plaintiff with a letter dated February 18, 2020, stating "We looked into your claim and found that it is fraudulent.".

13. In or around August 2020, Defendant first contacted Plaintiff in regard to the alleged account.

14. When Plaintiff spoke with Defendant on the phone, Defendant attempted to collect on the alleged account.

15. Plaintiff informed Defendant that the account was fraudulent and provided Defendant with the February 2020 letter from Capital One.

16. Defendant then advised Plaintiff that the letter proved nothing and stated that Plaintiff needed to send in a police report regarding the alleged account.

17. Plaintiff advised that he did not need a police report because Capital One had removed the alleged account from his credit reports with Experian, Equifax, and TransUnion.

18. On August 4, 2021, Plaintiff received a letter from Defendant stating that the account will be turned over for litigation if Plaintiff does not contact Defendant by August 28, 2021.

19. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

20. Repayment towards the alleged debt will expose Plaintiff to the risk of a potential collection lawsuit.

21. Defendant's letter is calculated to induce either a payment or a response from Plaintiff acknowledging the debt and a promise to pay.

22. The collection letter is deceptive because it does not advise Plaintiff that Defendant cannot sue on the debt due to the alleged account's fraudulent nature.

23. The collection letter attempted to lure Plaintiff into a trap whereby he will either acknowledge or pay towards a debt he does not owe.

24. Defendant would be able to claim a right to sue on the alleged account if Plaintiff chooses to pay or acknowledge the alleged account.

25. Plaintiff has suffered anxiety and mental anguish as he believed he would be sued for a debt that on which he cannot be sued.

26. Plaintiff felt helpless as he already informed Defendant of the fraudulent activity.

27. Specifically, Plaintiff informed Defendant of the investigation by Capital One to no avail.

28. Plaintiff's stress and anxiety increased and he had no recourse besides turning for legal help.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

**a. Violations of 15 U.S.C. §1692e**

30. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

31. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

32. Section 1692e(5) of the FDCPA prohibits a debt collector from making "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

33. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. 1692e by failing to advise Plaintiff that he cannot be sued on the alleged account. The omission is deceptive because it is designed to convince Plaintiff to pay on a debt that cannot be legally enforced against Plaintiff.

35. Defendant violated 15 U.S.C. §1692e(2) by falsely representing the legal status of the debt. Specifically, the collection letter implicitly implied that Defendant can legally enforce the alleged debt when such legal action is barred because the alleged account did not belong to Plaintiff.

36. Defendant violated 15 U.S.C. §1692e(10) by employing deceptive means to collect on the alleged account. Specifically, Defendant's failure to advise Plaintiff that he cannot be sued on the alleged account was deceptive. Moreover, it was deceptive for Defendant to send the collection letter knowing that it cannot lawfully sue to recover on the alleged account.

    **b. Violations of 15 U.S.C. §1692f**

37. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f

38. Defendant violated 15 U.S.C. §1692f by employing unfair means to collect the alleged debt from Plaintiff. Specifically, it is unfair for Defendant to attempt to collect on a fraudulent account by failing to disclose that it cannot sue on the alleged debt and attempting to induce Plaintiff into making a payment on the alleged account or acknowledging the alleged account, thus making Plaintiff responsible for the alleged account.

39. Moreover, it was unfair for Defendant to send the collection letter to mislead Plaintiff into believing that he can be sued for the alleged account with full knowledge that it cannot legally enforce the alleged debt.

WHEREFORE, Plaintiff, KEVIN S. ZEYEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

40. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

41. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, **suppression or omission of such material fact** . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
>
> 815 ILCS 505/2 (emphasis added).

42. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

43. Plaintiff is "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

44. Defendant's debt collection activities are part of the conduct of trade or commerce in the State of Illinois.

    **a. Unfairness and Deception**

45. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect on the alleged account from Plaintiff because it could not legally collect the alleged account from Plaintiff due to it being a fraudulent account.

46. Defendant's conduct is unfair and deceptive because it does not inform Plaintiff that paying on a debt not owed will allow Defendant to sue him.

47. As such, consumers such as Plaintiff, may make a payment in reliance on Defendant's implied representation that it can sue on the debt, thus exposing Plaintiff to legal liability that did not exist at the time the collection letter was sent by Defendant.

48. Defendant intended that Plaintiff make a payment or acknowledge the debt and thus allow Defendant to sue on the alleged account.

49. Defendant failed to inform Plaintiff that he could not be sued for the alleged debt and this material omission is inherently unfair and deceptive.

50. Defendant's unfair and deceptive conduct is against public policy, immoral, unethical, and oppressive.

51. Upon information and belief, Defendant systematically attempts to induce payment or acknowledgment on alleged debts by failing to disclose that the debt is not legally enforceable in order to coerce consumers to pay on the alleged debt, thus exposing said consumers to be sued on the alleged debt.

52. Upon information and belief, Defendant employs these practices to maximize its profits at the expense of Illinois consumers.

53. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

54. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its business model.

WHEREFORE, Plaintiff, KEVIN S. ZEYEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Plaintiff costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 20, 2021                                       Respectfully Submitted,

/s/ *Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Jennifer Ann McLaughlin, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com

8